IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ALBERT HARE,<br><br>     Plaintiff,<br><br>  vs.<br><br>BILLINGS POLICE DEPARTMENT, OFFICER SOLORIO, and CHARLEE MARSH,<br><br>     Defendants. | CV 18-00012–BLG-SPW-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Albert Hare, a state prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a proposed complaint (Doc. 2) alleging Defendants violated his rights under the Equal Access to Justice Act, 28 U.S.C. § 2412 and his rights under the Fourteenth Amendment to the United States Constitution.  He alleges he was the victim of a crime and Defendants did not arrest the individual who allegedly assaulted him and he did not receive assistance from victim services.

The motion to proceed in forma pauperis will be granted but the Complaint fails to state a federal claim and should be dismissed.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Hare must pay the statutory filing

1

fee of $350.00.  Mr. Hare submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Mr. Hare will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Hare must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Hare is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915 and § 1915A

### A. Standard

Because Mr. Hare is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is

served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556;

3

*Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

4

than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. Fourteenth Amendment

A plaintiff seeking to state a claim for a violation of his constitutional rights may do so pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

The Fourteenth Amendment due process clause is a limitation on the state's power to act, and it is not a guarantee of certain minimal levels of safety and security. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 195

(1989). As such, the Due Process Clauses does not generally "confer an affirmative right to governmental aid to protect an individual's rights, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196; *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007). "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *DeShaney*, 489 U.S. at 196–97.

Federal courts recognize only two exceptions to the bright-line rule that state actors do not violate the Fourteenth Amendment by their inaction. First, the Ninth Circuit has recognized a "danger creation" exception that occurs when "state action affirmatively places the plaintiff in a position of danger, that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. Ridgefield City*, 439 F.3d 1055, 1061 (9th Cir. 2006); *see also Wood v. Ostrander*, 879 F.2d 583 (9th Cir.1989). Second, the "special relationship" exception applies where a state actor abuses a special state-created relationship with an individual, such as, when a person has been taken into state custody or is involuntarily hospitalized. *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007).

Mr. Hare fails to allege sufficient facts to state a plausible violation of his Fourteenth Amendment rights. Police officers do not owe a duty to investigate allegations or arrest persons simply because a citizen asks them to do so. Nor do they have an obligation to provide victim services. Mr. Hare does not allege or describe a special relationship that existed between himself and Defendants or that Defendants somehow affirmatively placed him in a position of danger. At best, Mr. Hare has alleged inaction by Defendants. Inaction cannot be used to invoke a violation of the Constitution.

### 2. Equal Access to Justice Act, 28 U.S.C. 2412

The Equal Access to Justice Act authorizes the payment of attorney's fees to a prevailing party in an action against the United States absent a showing by the government that its position in the underlying litigation "was substantially justified." It is codified in part in 28 U. S. C. §2412 which provides that the agency shall pay attorney fees of a prevailing party in a court case against the agency, unless the court finds that the agency position was substantially justified.

It does not provide an independent cause of action. Mr. Hare cannot state a claim under the Equal Access to Justice Act.

### III. CONCLUSION

28 U.S.C. § 1915 and § 1915A require a court to dismiss a complaint that

fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court has considered whether Mr. Hare's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Hare's allegations fail to state a plausible claim upon which relief may be granted.

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on January 29, 2018.

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hare failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hare may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Hare is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of February, 2018.

                                      */s/ Jeremiah C. Lynch*
                                      Jeremiah C. Lynch
                                      United States Magistrate Judge